RODRÍGUEZ ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing in Part to Record a Property.

No. 400.—Decided March 24, 1919.

RECORD OF TITLE—WILL—ESTATE SUBJECT TO FREE DISPOSAL—HEIRS-AT-LAW.— When the terms of a testament do not permit knowledge of the real will of the testator with regard to the third part of his estate of which he might freely dispose, record of the whole estate cannot be made in favor of the heirs-at-law; for until the existing doubt is settled by the courts or by the consent of all the interested parties the rights of such heirs in said third part cannot be determined, and this is necessary in order that the record may be made, in accordance with the provisions of articles 9 and 30 of the Mortgage Law and 77 of its Regulations.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellants.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Prudencia Flores Castro died on May 19, 1918, having made a holographic will on June 10, 1915, which was pro-

bated before the District Court of San Juan, Section 2, on June 6, 1918.

In the second clause of the said will the testatrix declared that she was the widow of Ramón Rodríguez García by whom she had had three children named Ramón, Monserrate and Prudencia, of which the first two were alive and the third, Prudencia, had died unmarried. For a better understanding of the case, clauses 6 and 7 are transcribed literally as follows:

"*Sixth.* I state, as the last will of my daughter Prudita, that the third of what would correspond to her be awarded to Carmen García Rivera, daughter of Ulises García Salgado and Magdalena Rivera, as the god-daughter of her and of Ramón and as a compensation for her good behavior and assistance in her illnesses.

"*Seventh.* I advise my only two children that as heirs to my properties and rights my two said children be united and enjoy them fully; that such is the wish of their mother, who blesses them and signs this in Río Piedras, where she now resides. July 10, 1915. Prudencia Flores Vda. de Rodríguez."

A copy of the will having been presented with other documents in the Registry of Property of San Juan, Section 1, by Attorney Juan Guzmán Benítez in the names of Ramón and Monserrate Rodríguez Flores, for the purpose of having a half share of the joint undivided ownership of a certain property situated in the municipality of Río Piedras recorded in their names, the said property being already recorded in the name of the testatrix Prudencia Flores Castro, the registrar recorded the same as to two-thirds of the property and refused to record it as to the other third, his decision being as follows:

"The foregoing document is recorded as to two undivided thirds of a property situated in the wards of Cupey and Guaracanal, municipality of Río Piedras, at folio 249, volume 34, of Río Piedras, property number 574, duplicate, 6th inscription, relating to the legal portion of the heirs, and the record is denied as to the remaining third subject to free disposal, a cautionary notice being entered

for the legal period' in the same entry, for the following reasons: 1st. On account of the vague and uncertain wording of clause 6th of the will it is doubtful whether the testatrix makes a remunerative legacy or an institution of voluntary heir in favor of Carmen García Rivera, which provision is considered chargeable to the third subject to free disposal by Prudencia Flores Castro and is not contrary to the extent of the legal portion, it being, however, without the jurisdiction of this office to decide whether or not the said clause is valid. 2nd. The testatrix having left two legitimate children, their inheritance according to law consists of two-thirds of the estate as the legal portion, which as before stated, is not deemed impaired by the provision of the said sixth clause. 3d. By reason of the existence of that clause in favor of Carmen García Rivera, it can not be determined whether the third subject to free disposal by the testatrix belongs to her two children instituted as heirs or to them and Carmen García Rivera jointly. 4th. Record of the whole property being asked for in favor of the said two heirs without reservation of any right in favor of the other person mentioned, who may have an interest in the will which she has not renounced, it is impossible to make the record of the whole property in the absence of the consent of all, until the said will is made clear by the courts in the proper manner. These entries have been made in conformity with the decisions of the Supreme Court of Porto Rico reported in volume 3, page 490, and volume 24, page 753, and with section 755 of the Civil Code, the entry being made in favor of the two children of the testatrix.''

This decision is submitted to our consideration in an administrative appeal taken therefrom.

The clauses quoted of the holographic will of Prudencia Flores Castro having been examined in connection with the record of the whole of the property in question in favor of her legitimate children Ramón and Monserrate Rodríguez Flores, their right to the other third of the said property does not appear clearly, for the wording of the sixth clause of the will does not place beyond doubt the real intention of the testatrix as to the third of her properties subject to free disposal; and until such doubt is cleared up by the courts or by an agreement of the interested parties, it is impossible to determine the extent of the right which the said heirs think

they have in the third part of the propery whose record was refused, this being a necessary requisite in order that the said record may be made, in accordance with the provisions of articles 9 and 30 of the Mortgage Law and article 77 of its Regulations.

For the foregoing reasons the decision must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.